**MEDICAL GROUP FINANCIAL SERVICES, INC., MGFS Insurance Brokerage, Inc., Annmarie Loughnane and Kenneth Arnold, Plaintiffs,**

v.

**UNITED STATES LIFE INSURANCE COMPANY in the City of New York, Citizens Bank of Rhode Island and Bank of Newport, Defendants.**

Civ.A. No. 99–40205–NMG.

United States District Court, D. Massachusetts.

Nov. 7, 2001.

Louis M. Ciavarra, Bowditch & Dewey, William D. Jalkut, Fletcher, Tilton & Whipple, John O. Mirick, Mirick, O'Connell, DeMallie & Lougee, LLP, Worcester, MA, Alan G. Miller, Alan G. Miller, Boston, MA, for plaintiffs.

Timothy P. Wickstrom, John A. Wickstrom, Tashjian, Simsarian & Wickstrom, Worcester, MA, Irwin B. Schwartz, Schwartz and Nystrom, LLC, Boston, MA, for defendants.

### MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a motion by the defendant, United States Life Insurance Company in the City of New York ("US Life"), to convert the pretrial conference, scheduled to be held on November 8, 2001, to a status conference and to postpone the final pretrial conference for 60 days.

US Life seeks to postpone the pretrial conference due to 1) its inability to submit expert rebuttal reports and conclude expert depositions, 2) plaintiffs' recent production of documents previously withheld on the basis of alleged attorney-client privilege and 3) the effect of a recent order entered by United States District Judge Steven McAuliffe of the District of New Hampshire in favor of U.S. Life on issues similar to those presented in this case.

The defendants argue that without a continuance it will be difficult for them to make the disclosures required by the pretrial order, including a summary of the evidence and a list of witnesses and proposed exhibits.

Pursuant to the amended scheduling order, discovery was to be completed and summary judgment motions briefed before the end of

October, 2001, and the pretrial conference was scheduled for November 8, 2001.

Since then, several events have occurred which render the scheduled final pretrial conference premature. The plaintiffs sought a protective order to prevent the production of documents from a third-party witness, KPMG, LLC, on the grounds of attorney-client privilege. Magistrate Judge Swartwood eventually denied plaintiffs' motion, and the documents were produced on October 9 and October 15, 2001. The defendants' chosen expert was unable to complete his report due to a family tragedy, and Magistrate Judge Swartwood subsequently extended the deadline for filing summary judgment motions to October 31, 2001 and oppositions thereto until November 21, 2001.

Because discovery has not yet been completed for good cause nor the opposition to the defendants' motion for summary judgment filed, a final pretrial conference is premature.

### Order

For the foregoing reasons:

1) defendants' motion to postpone the final pretrial conference is ALLOWED and that conference is continued until Tuesday, January 15, 2002 at 3:00 P.M.;

2) defendants shall designate their rebuttal expert, if any, and produce such expert's written report on or before November 30, 2001; and

3) plaintiffs shall complete the deposition of the defendants' rebuttal expert, if any, on or before January 15, 2002.

So ordered.